TUCKER, Judge.
William Hall devised lands to his son Richard Hall “during his natural life, and no longer, and after to his eldest son, and his heirs forever; but if no male issue, to his eldest daughter, and her heirs forever. ’ ’ Richard Hall had a natural son born in 1776, and, in 1778, married his mother, and recognized the child as his till his death in 1796. The father and son, by deed of bargain and sale, conveyed to the defendants. The father afterwards dying without ever having any other son, but leaving several daughters, the eldest brought suit for the lands, claiming them under the before mentioned clause in her grandfather’s will.
*Mr. Call for the plaintiffs insisted, That Richard Hall took an estate for life only; that the limitation, to Elizabeth his eldest daughter, was good; and that she, on the death of her father, became entitled to the devised land, relying on 1 Salk. 236; 1 P. Wms. 54; Blackburn v. Edgely, 1 P. Wms. 600; Roy v. Garnet, 2 Wash. 9.
*1010 Mr. Wickham on the other hand, relied upon the rule in Shelly’s case, 1 Co. 99; 2 'Wash. 31; P. Wms. 7S6.
The second point made by the appellant’s ■counsel, that Thomas Hall, the son of Richard, being- born out of wedlock, and before the act of 1785, was not eldest son of Richard Hall in a legal sense; and consequently could neither take as heir, nor as devisee under the will, appearing to me, to embrace the whole case, I shall pass over the others.
The words of the act of assembly are, that, “where a.man, having, by a woman,, one or more children, shall afterwards intermarry with such woman, such child, or children, if recognized by him, shall thereby be legitimated.” Virg. Haws, 1794, ch. 93, sect. 19.
It is contended that the word “shall,” being a word importing a thing to be done, or to happen after another thing which is done, or hath happened, must necessarily refer to marriages to be solemnized after the passing of the act; and cannot be construed to have any other relation.
If this be the true construction, the meaning of the law will be the same, whether the word “afterwards,” be inserted therein, or not. But will it be said, that if that word were stricken out, the sense of the law would be precisely as it is now? The word “shall” would, in that case, indubitably apply to the time of passing the act.
The word “afterwards” can never be applied but to a thing spoken of before: But the thing spoken of before in the act, is the having children born before wedlock: And the thing to be done afterwards, is the marrying the woman, and recognizing the child.
*If the sense contended for, by Mr. Call, were the proper sense of the law, the word “afterwards” would be construed as the word “hereafter:” But I am confident, that there is not a lexicon in the English language, in which it will be found in that sense. Its synonym is “thereafter.”
Whenever a past event is scoken of, and another possible event, posterior thereto is spoken of at the same time, the word “shall” never imports a future, in reference to the time of speaking, but a future in reference to the first event only. “Shall,” in all such cases, means “shall have.”
The law intending to provide for all cases generally, this arrangement of the sentence was necessary to embrace every possible case of the kind; and was meant not only to encourage marriages after the passing of the law, but to protect and provide for the innocent offspring of indiscreet parents, who had already made all the atonement in their power, for their misconduct, by putting the children, whom the father recognized as his own, on the same footing, as if born in lawful wedlock.
BYONS, President.
The court, after conference (absent judge Eleming,) are unanimously of opinion, that any legitimate son of Richard Hall, the devisee of William Hall, who might have been born during the lifetime of his father, was capable of taking the lands in question, under the devise in the will of the said William Hall: And that Thomas Hall, son of the said Richard Hall, under the operation of the act of assembly directing the course of descents, answering to that description, there is no error in the judgment of the district court; which is therefore to be affirmed.